The Honorable Jeneva M. Flynn Supervisor of Elections Bradford County Post Office Box 269 Starke, Florida 32091
Dear Ms. Flynn:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES THE TERM `SPECIAL ACCOUNT' AS USED IN SECTION 2(2), CH. 82-202, LAWS OF FLORIDA, MEAN A SPECIAL BANK ACCOUNT?
 2. PURSUANT TO SECTION 2(2), CH. 82-202, LAWS OF FLORIDA, DOES THE OPTION LIE WITH THE CLERK OF THE COURT OF WITH THE SUPERVISOR OF ELECTIONS AS TO WHICH OFFICER HAS THE RESPONSIBILITY OF MAINTAINING THE BUDGET ACCOUNT AND RECORDS AND DRAWING CHECKS FOR SAME?
QUESTION ONE
Chapter 129, F.S., sets forth the provisions regarding county annual budgets. Section 129.01, F.S., establishes a budget system for the control of the finances of the boards of county commissioners of the counties of the state and provides that:
 There shall be prepared, approved, adopted, and executed, as prescribed in this chapter, for the fiscal year ending September 30, 1952, and for each fiscal year thereafter, an annual budget for such funds as may be required by law or by sound financial practices and generally accepted accounting principles. The budget shall control the levy of taxes and the expenditure of money for all county purposes during the ensuing fiscal year.
This chapter establishes several fund budgets for counties: (1) the general fund budget; (2) the county transportation trust fund budget; (3) the fine and forfeiture fund budget; (4) a capital outlay reserve fund budget; (5) a bond interest and sinking fund budget; and (6) a special district operating fund budget. Section129.02(1)-(6), F.S. The board of county commissioners may, by resolution, consolidate any of the separate budgetary funds into a single general fund, with the exception of the road and bridge tax which is to be levied under s 336.59, F.S., and all revenue and expenditures of the county transportation trust fund which are to be shown as a separate budgetary fund. Section 129.011(1), F.S.
Chapter 82-202, Laws of Florida, relates to supervisors of elections and provides, among other things, for the preparation of an annual budget for the office of the county supervisor of elections to be included in the county annual budget and the procedure for payment of salaries and expenses of the office of the supervisor. Pursuant to s 1(1), of this chapter, the supervisor of elections for each county shall certify to the board of county commissioners a proposed budget detailing the income and expenditures of that office for the upcoming fiscal year. At the first meeting in October of each year, the supervisor shall requisition and the board of county commissioners shall pay the supervisor twenty-five percent of the total amount budgeted for that office. On the first of each month thereafter, 6.82 percent of the total amount budgeted for the office shall be paid to the supervisor. Section 2(1), Ch. 82-202, Laws of Florida. Section 2(2), Ch. 82-202, Laws of Florida provides that:
 The appropriation shall be transferred into a special account set up in the name of the supervisor of elections, and the clerk of the court acting as the clerk of the board of county commissioners shall draw checks or warrants thereon for payment of all expenses requisitioned by the supervisor of elections. All salaries shall be supported by payrolls and all expenses paid shall be supported with bills approved by the supervisor. Should the supervisor desire, he may have the monthly allocation for the supervisor of elections' office deposited directly in an official bank or depository trust account for the supervisor, and draw his own checks thereon for payment of budgeted expenditures authorized by law. All fees, commissions and other funds collected by the supervisor shall be deposited directly into the supervisor's special account established under this subsection.
Pursuant to s 1(7), Ch. 82-202, Laws of Florida, the proposed budget of the supervisor of elections is to be submitted to the board of county commissioners or the budget commission pursuant to s 129.03(2), F.S., and the supervisor of elections budget is to be included by the board or commission in the general county budget. Cf., s 30.49(9), F.S., which provides that proposed expenditures in the sheriff's budget shall be included by the board of county commissioners or budget commission in the budget of either the general fund or the fine and forfeiture fund, or in part of each fund; see also, s 1(5), ch. 82-202, Laws of Florida, which requires the board or commission to include in the county budget the items of proposed expenditure set forth in the supervisor's proposed budget after such budget has been reviewed and approved by the board; and s 1(8), Ch. 82-202, which provides that the items placed in the budget of the board pursuant to this chapter shall be subject to the same provisions of law as the county annual budget. Pursuant to s 129.06(1), F.S., the itemized estimates of expenditures in adopted budgets have the effect of fixed appropriations and I conclude that the special appropriations for the supervisor are the `appropriation' which is required to be transferred into or credited to the `special account' established for the supervisor (within the county budget) by the first sentence of s 2(2), Ch. 82-202, Laws of Florida, and properly accounted for within such special budget account. In the context of Ch. 129, F.S., to which ss 1 and 2 of Ch. 82-202, have been tentatively assigned, it appears that the provisions of s 2(2), Ch. 82-202, Laws of Florida, referring to a `special account' for the supervisor have reference to a special budgetary account to be established as a separate budget account within the general fund budget of the county, not a special bank *3268 account. In contrast, other provisions of s 2(2) of Ch. 82-202 authorize deposits of the monthly allocation for the supervisor in certain instances in a bank account, i.e., `an official bank or depository trust account.'
QUESTION TWO
Your second question regards whether the clerk of court or the supervisor of elections is the officer who has the option of determining who will maintain the budget account and records and draw checks thereon pursuant to Ch. 82-202, Laws of Florida. As discussed above, the appropriation for the supervisor of elections' office is transferred into or credited to a special budget account established for the supervisor within the county budget and properly accounted for within such special budget account. As provided in s 2(2), `the clerk of the court acting as the clerk of the board of county commissioners shall draw checks or warrants thereon for payment of all expenses requisitioned by the supervisor of elections. . . . Should the supervisor desire, he may have the monthly allocation for the supervisor of elections' office deposited directly in an official bank or depository trust account for the supervisor, and draw his own checks thereon for payment of budgeted expenditures authorized by law.' (e.s.) See also s 2(3), stating that `[r]egardless of whether the supervisor draws checks or warrants for that office orallows the clerk to handle that function, the supervisor may have a revolving petty cash fund . . . .' (e.s.); s 2(4) stating that `[i]f the supervisor draws the checks . . . then the supervisor shall keep the necessary budget accounts and records . . . . Should the clerk draw the checks . . . then this responsibility shall remain with the clerk'; and s 3 states that `[w]ithdrawals from (the supervisor's depository account) shall be made on checks or warrants signed by the duly qualified and acting supervisor of elections of the county, or his properly designated deputy or agent, except in those instances where the supervisor elects tohave the clerk sign the checks or warrants.' (e.s.) These sections appear to contemplate the signing of checks or warrants by the clerk of the circuit court as county budget officer and clerk and accountant of the board of county commissioners. See, ss 28.12 and129.025, F.S. However, at the option of the supervisor of elections, he or she may have the monthly allocation ( see, s 2[1], Ch. 82-202) for the supervisor of elections' office deposited directly `in an official bank or depository trust account for the supervisor' upon which the supervisor may draw his or her own checks for payment of budgeted expenditures authorized by law. It appears that it is the duty of the clerk of court to take responsibility for this function unless the supervisor affirmatively assumes such responsibility. If the supervisor elects to draw the checks or warrants for that office, it is the supervisor's responsibility to `keep the necessary budget accounts and records and charge all paid bills and payrolls to the proper budget accounts.' If the checks or warrants are drawn by the clerk, responsibility for the budget accounts and records falls to him or her. Section 2(4), Ch. 82-202, Laws of Florida.
Therefore, pending legislative or judicial clarification of the term `special account' as used in s 2(2), Ch. 82-202, Laws of Florida, I am of the view that such `special account' is a special budget account to be established as a separate budget account within the general fund budget of the county and that the officer charged with the responsibility of maintaining such a budget account and records and drawing checks on such `special account' is the clerk of court acting as the clerk and accountant of the board of county commissioners, unless the supervisor of elections affirmatively elects to undertake these duties, pursuant to s 2(2), (4) and s 3, Ch. 82-202, Laws of Florida.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General